IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
PEDRO FONTANES
:
      Plaintiff,
:     **ANSWER**
  -against-
:     Case No. 16-CV-04357
FLUSHING ROOSEVELT ASSOCIATES, LLC
and, ASIAN JEWELS SEAFOOD RESTAURANT  :
CORP.
:
      Defendants.
:
---------------------------------------------------------------x

Defendant Asian Jewels Associates, LLC (hereafter "Asian Jewels" or "Defendant"), by and through its undersigned counsel, states its answer to the Complaint in this action:

## BACKGROUND

This action is one of several nearly identical actions filed by Plaintiff in August 2016 against several other restaurants in Queens, New York stemming from an alleged lack of required accommodations for Plaintiff's purported physical disability and allegedly preventing him from accessing the facilities. Asian Jewels is a premium Dim Sum Restaurant, where carts of small plates of traditional mostly Cantonese Chinese cuisine are wheeled among the tables, and guests select their dishes table side from the fresh fare. Under the guidance of a restaurateurith over 30 years of experience, Asian Jewels technically opened its doors in 2009  It complements its fine dining experience for up to 280 guests, with free valet parking and movable seating to accommodate parties of unlimited sizes. A premier restaurant in its geographic and cuisine area,

Asian Jewels has been privileged to welcome a wide variety of clientele, including patrons with mobility impairments and who visit the restaurant with mobility assistive devices, such as canes, walkers and wheelchairs on almost a daily basis. The restaurant does not discriminate against any patrons with a perceived or actual mobility impairment.

## JURISDICTION

1. Defendant admits the allegations contained in paragraphs 1 of the Compliant, inasmuch as they set forth the purported legal theory of Plaintiffs claims, and Defendant respectfully refers the Court to the referenced statutes for a true reading of their provisions.

2. Defendant admits the allegations contained in paragraph 2 of the Complaint inasmuch as they set forth that Plaintiff's alleged claims took place in Queens, New York.

## JURISDICTION

3. Defendant denies each and every allegation contained in paragraph 3 of the Complaint except avers that it lacks knowledge or information sufficient to form a belief as to truth of the allegations regarding Plaintiff's residence or disability or his purported functioning and neither admits nor denies those allegations.

4. Defendant denies each and every allegations contained in paragraphs 4 through 6, inclusive of the Complaint.

5. Defendant denies each and every allegation contained in paragraph 7 of the Complaint, except admits that it is a corporation organized and existing under the laws of the State of New York, with a place of business at 133-30 39th Avenue, Flushing, New York.

6. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 and neither admits nor denies the allegations contained therein.

## FIRST CAUSE OF ACTION

7. Asian Jewels repeats and realleges each and every responses to paragraphs 1 through 8, inclusive as if fully set forth herein.

8. Defendant neither admits nor denies the allegations contained in paragraphs 9 through 15, inclusive of the Complaint, inasmuch as they do not contain any allegations of facts, but restatements and conclusions of law, which do not require a response.  Defendant refers the Court to the referenced statutes for a full reading of their provisions.

9. Defendant denies each and every allegation contained in paragraphs 16 through 27, inclusive of the Complaint.

10. Defendant neither admits nor denies the allegations contained in paragraph 28 of the Complaint, inasmuch as it does not contain any allegations of facts, but restatements and conclusions of law, which do not require a response.  Defendant refers the Court to the referenced statute for a full reading of its provisions.

## SECOND CAUSE OF ACTION

11. Asian Jewels repeats and realleges each and every responses to paragraphs 1 through 28, inclusive as if fully set forth herein.

12. Defendant neither admits nor denies the allegations contained in paragraph 29 of the Complaint, inasmuch as it does not contain any allegations of facts, but restatements and conclusions of law, which do not require a response.  Defendant refers the Court to the referenced statute for a full reading of its provisions.

13. Defendant denies each and every allegation contained in paragraph 30 of the Complaint.

### THIRD CAUSE OF ACTION

14. In response to Plaintiff's re-averment contained in paragraph 31 of the Complaint, Asian Jewels repeats and realleges each and every responses to paragraphs 1 through 30, inclusive as if fully set forth herein.

15. Defendant neither admits nor denies the allegations contained in paragraph 32 of the Complaint, inasmuch as it does not contain any allegations of facts, but restatements and conclusions of law, which do not require a response. Defendant refers the Court to the referenced statute for a full reading of their provisions.

16. Defendant denies each and every allegation contained in paragraphs 33 through 35, inclusive of the Complaint.

17. In response to Plaintiff's re-averment contained in paragraph 36 of the Complaint, Asian Jewels repeats and realleges each and every responses to paragraphs 1 through 35, inclusive as if fully set forth herein.

### ALLEGED DAMAGES

18. In response to Plaintiff's re-averment contained in paragraph 36 of the Complaint, Asian Jewels repeats and realleges each and every responses to paragraphs 1 through 35, inclusive as if fully set forth herein.

19. Defendant denies each and every allegation contained in paragraphs 37 through 39, inclusive of the Complaint, except that Defendant neither admits nor denies those statements that do not contain any allegations of facts, but restatements and conclusions of law, which do not require a response.

## AFFIRMATIVE DEFENSES

20. Plaintiff lacks standing to assert his alleged claims.

21. The Court lacks in personam jurisdiction on the basis of improper service of process.

22. Removal of the alleged barriers, the existence of such being expressly denied, is not readily achievable.

23. The requested modifications impose an undue burden on the Defendant.

24. Removal of the alleged barriers, the existence of such being expressly denied, would fundamentally alter the nature of Defendant's public accommodation.

25. Defendant has adequately provided access through readily achievable alternative methods such as customer service.

26. Any renovations, the existence of which is expressly denied, did not constitute alterations.

27. Any renovations, the existence of which is expressly denied, satisfied the maximum extent feasible standard.

28. Path of travel alterations sought by Plaintiff, the propriety of which is expressly denied, would be disproportionate to the cost of the overall alteration.

29. The alteration sought by Plaintiff, the propriety of which is expressly denied, is technically infeasible.

**WHEREFORE**, the Defendant Asian Jewels Seafood Restaurant, Corp. demands judgment in its favor and against Plaintiff Pedro Fontanes, such that

(i) Plaintiff's claims are dismissed;

(ii) Plaintiff takes nothing from his Complaint;

        (iii) Defendant be awarded its costs of suit; and

        (iv) for such other relief as the Court may deem just and proper.

Dated: New York, New York
       September 9, 2016

                      JASPER & JASPER, PLLC

                      By:   /s/
                            Zoë E. Jasper, Esq.
                            375 Park Avenue
                            Suite 2607
                            New York, New York 10152
                            212.634.9949
                            zoe@jasperpllc.com
                            *Attorneys for Defendant Asian Jewels Restaurant Corp.*